[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Joseph Glass for plaintiff.
Sachs, Berman Shure, Sklarz Gallant for defendant.
The plaintiff, Universal Builders Corporation (Universal Builders), filed a two-count complaint on December 12, 1990 against the defendants, Property Operating Company (Property Operating) and County Wide Construction, Inc. (County Wide)[1]. The plaintiff is seeking to foreclose a mechanic's lien filed on the property of Property Operating.
On May 9, 1990, Property Operating entered into an agreement with County Wide for renovations to be done to buildings located on Property Operating's land in Wallingford, CT. County Wide entered into a contract with the plaintiff to provide trusses to be installed on the property. A balance of $19,669.77 remains due on the contract between the plaintiff and County Wide. On October 4, 1990, the plaintiff filed a mechanic's lien on Property Operating's land.
The plaintiff argues that since Property Operating owed County Wide payments on the contract to do renovations at the time the mechanic's lien was filed, the plaintiff is entitled to foreclosure of the mechanic's lien. The defendant, Property Operating, argues that no money was owed on the contract and, therefore, the plaintiff is not entitled to a mechanic's lien on the property.
"Although mechanic's lien law creates a statutory lien in derogation of common law, its remedial purpose to furnish security for a contractor's labor and materials requires a generous construction." Seaman v. Climate Control Corporation,
CT Page 11344181 Conn. 592, 597, 436 A.2d 271 (1980). "[A] subcontractor's right to a mechanic's lien is said to flow from his equitable entitlement to the lien which would otherwise attach in favor of the general contractor." Id., 601.
Mechanic's liens are provided for in General Statutes § 49-33
et seq.
 A mechanic's lien shall not attach to any such building or its appurtenances or to the land on which the same stands or to any lot or to any plot of land, in favor of any subcontractor to a greater extent in the whole than the amount which the owner has agreed to pay to any person through whom the subcontractor claims subject to the provisions of section 49-36.
General Statutes § 49-33(e).
 Any such subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims, except that the subcontractor shall have a mechanic's lien or right to claim a mechanic's lien in the event of any default by that person . . ., provided the total of such lien or liens shall not attach to any building or its appurtenances . . . to a greater amount in the whole than the amount by which the contract price between the owner and the person through whom the subcontractor claims exceeds the reasonable cost, either estimated or actual, as the case may be, of satisfactory completion of the contract plus any damages resulting from such default for which that person might be held liable to the owner and all bona fide payments . . . made by the owner before receiving notice of such lien or liens.
General Statutes § 49-33(f). The mechanic's lien is limited in that it may not "attach to any building or its appurtenances . . . in favor of any person, to a greater amount in the whole than the price which the owner agreed to pay for the building and its appurtenances . . . ." General Statutes § 49-36(a). CT Page 11345
"These provisions make it clear that a contractor's right to recover on a mechanic's lien is not unlimited, despite the contractor's own good faith observance of the statutes." Rene DryWall Co. v. Strawberry Hill Associates, 182 Conn. 568, 573,438 A.2d 774 (1980).
 If . . . a general contractor receives progress payments that are not turned over to those who have done the work represented by the progress payments, and ultimately defaults entirely, the owner making such payments and completing such a job is protected as long as the owner acts in good faith and reasonably, as defined by the statutes. In determining whether the owner has met the statutory requirements of good faith and reasonableness, the trial court is making a finding of fact.
Id.
In the present case, the witness, Riback, for the defendant Property Operating, observed that during the month of September, nothing was being done on the premises. At a meeting held on September 28, 1990, Property Operating terminated their contract, which was accepted by County Wide. Two checks — one to County Wide and Rigid Masons jointly for $26,176.50 and the other to Already Steel in the amount of $11,177.60 were paid on that date. No further funds were paid.
Property Operating made payments to County Wide totalling $260,115.10 prior to the filing of the mechanic's lien. The total amount due from Property Operating to County Wide on the contract was paid in full before the October service of the mechanic's lien. Since the amount of a mechanic's lien is limited to the unpaid contract debt owed by Property Operating to County Wide, the plaintiff is not entitled to foreclosure of the lien.
Judgment may enter for the defendant, Property Operating on Count One of the complaint and for the defendant, Property Operating on its Special Defense. Judgment may enter for the plaintiff on the Second Count of the complaint, for $20,103.90 and interest.
Robert P. Burns, Judge CT Page 11346